NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LINDA M. ANDERSON, | No. 18-35458 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05412-JPD |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue, Magistrate Judge, Presiding

Submitted July 10, 2020**
Seattle, Washington

Before: NGUYEN and BUMATAY, Circuit Judges, and SEEBORG,*** District
Judge.

Linda Anderson appeals the district court's order affirming the

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Richard Seeborg, United States District Judge for the
Northern District of California, sitting by designation.

Commissioner of Social Security's denial of her application for disability insurance benefits. We review the district court's order de novo and reverse only if the decision of the Administrative Law Judge ("ALJ") "was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). "[W]e may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. We affirm.

First, the ALJ did not err in discounting Anderson's subjective testimony regarding the severity of her impairments. He explained how Anderson's testimony conflicted with the objective medical evidence from the adjudicative period (August 2001 through December 2003), which showed only moderate symptoms and treatment. The ALJ also observed that Anderson's daily activities were inconsistent with the limitations alleged, and that her pain appeared to improve with conservative treatment before her date last insured ("DLI"). Moreover, Anderson worked at near substantial gainful activity levels after the adjudicative period, despite allegedly worsening symptoms. Collectively, these were specific, clear, and convincing reasons for finding Anderson's testimony only partially credible. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599–600 (9th Cir. 1999).

Second, the ALJ did not err in discounting the contradicted opinion of Dr.

Roes, Anderson's treating physician. Rather, the ALJ provided specific, legitimate reasons for doing so. *See Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). As the ALJ noted, Dr. Roes did not treat Anderson prior to her DLI, which means his opinions are entitled to less weight than those of a contemporaneously treating provider. *See Macri v. Chater*, 93 F.3d 540, 545 (9th Cir. 1996). The ALJ also observed that two of Dr. Roes's opinions described Anderson's limitations as of 2008 and 2010, rather than during the adjudicative period, which ended in 2003. Further, Dr. Roes's one retroactive opinion was contradicted by both the objective medical record and Dr. Roes's own treating notes. Given this conflict, the ALJ was justified in concluding Dr. Roes relied heavily on Anderson's own testimony, which was properly discounted, as the basis for his opinions. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

Nor did the ALJ err in evaluating the other medical evidence. He considered the clinical findings of Dr. Martin and other treating providers in concluding Anderson suffered from the severe impairments of knee osteoarthritis and degenerative disk disease. However, the ALJ also catalogued the ways in which this evidence was at odds with Anderson's and Dr. Roes's allegations of disabling impairments. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) ("The ALJ is responsible for . . . resolving conflicts in medical testimony"). Moreover, the ALJ did not need to elaborate on his decision to apply only partial weight to

3

Dr. Raulston's "somewhat vague" testimony concerning Anderson's need to change positions and apply ice and heat for pain relief, because those needs were nonetheless incorporated into Anderson's residual functional capacity ("RFC") assessment. *See Turner v. Comm'r Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010).

Third, the ALJ's decision to exclude any migraine- or depression-related limitations from the RFC assessment was likewise supported by substantial evidence. Anderson's subjective testimony concerning these limitations was appropriately discounted, and the medical record from the adjudicative period tended to show these conditions were well controlled.

Fourth, for many of the same reasons, the ALJ did not commit reversible error in discounting the testimony of the lay witnesses. As the ALJ noted, the statements and testimony of Daniel Anderson, the claimant's husband, suffered from the same infirmities as Anderson's own subjective testimony—namely they conflicted with the medical record. For instance, Mr. Anderson claimed his wife's sciatica was "so severe that she could not walk any more," but the treatment notes of providers do not corroborate this degree of impairment. So too with the lay evidence from Anderson's neighbor, Victoria Krause. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (holding ALJ's decision to reject lay witness testimony to the extent it was inconsistent with the medical record was "supported by substantial evidence and was not error"). Moreover, the ALJ's failure to

address Mr. Anderson's testimony specifically—as opposed to his two written statements—was harmless error, given the testimony's overlap with his written statements and with his wife's testimony. *Molina*, 674 F.3d at 1122.

Lastly, since we find no error in the ALJ's assessment of the medical and testimonial evidence, substantial evidence supports the ALJ's RFC determination and step-four finding. *See Bayliss*, 427 F.3d at 1217. Likewise, because the ALJ posed hypotheticals to the vocational expert that included all limitations supported by substantial evidence, there was no step-five error. *See Magallanes*, 881 F.2d at 756–57.

**AFFIRMED.**

5